IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


HOME BANK, N.A.                                          PLAINTIFF


V.                                      CIVIL NO. 5:19-CV-28-DCB-MTP


GEORGE TARVER OPERATING CO., LLC
and JOHN D. TARVER, individually                        DEFENDANTS


ORDER


Before the Court is Plaintiff Home Bank, N.A. ("Home Bank")'s Motion for Default Judgment (Doc. 8).

Plaintiff Home Bank[1] is a national banking association with its principal place of business in Louisiana. Doc. 1, p. 1. Defendant George Tarver Operating Co., LLC ("GTO") is a Mississippi limited liability company with its principal place of business in Mississippi. Doc. 1, p. 1. It may be served with process by service upon its registered agent and sole member and manager, John Tarver. Doc. 1, p. 1. Defendant John Tarver is a Mississippi resident "and not a resident of Louisiana." Doc. 1, p. 1.

---

[1] Plaintiff Home Bank properly filed a Corporate Disclosure Statement, pursuant to FED. R. CIV. P. 7.1(a), identifying that Home Bancorp, Inc., is a publicly held corporation that owns 10% or more of the common shares of Home Bank. See Doc. 2.

Home Bank served GTO and John Tarver ("Tarver") with a Summons and a copy of its Complaint on May 4, 2019. Docs. 4, 5. Pursuant to FED. R. CIV. P. 12(a), the defendants' responsive pleadings were due by May 28, 2019. The defendants failed to appear, plead, or otherwise defend prior to the expiration of that date. On June 5, 2019, Home Bank filed a motion for entry of default, and the Clerk of this Court entered default against the defendants. Doc. 6.

### Background

This litigation arises from nonpayment of two promissory notes. In August 2018, GTO executed and delivered a promissory note to Home Bank in the amount of $219,590.67, together with interest thereon at the fixed rate of 6.000% per annum based on a year of 360 days, computed on a 365/360 basis, with a final payment of all unpaid principal and interest being due on August 21, 2023. Doc. 1, p. 2; see Doc. 1-1. Home Bank refers to this promissory note as "Note 1." In consideration of Home Bank's extending credit to GTO, Tarver executed and delivered to Home Bank a continuing guaranty. Doc. 1, p. 2; see Doc. 1-2. Home Bank contends that the Guaranty[2] (Doc. 1-2) provides for Tarver's continuing guarantee of

---

[2] Regarding the continuing guaranties John Tarver executed and delivered to Home Bank,

The Guaranty provides for the full and punctual payment, performance and satisfaction of the indebtedness, now existing or hereafter arising or acquired on an open and continuing basis, together with all interest, lender attorneys' fees and costs and expenses incurred in connection with the enforcement of the guaranty, and all other fees and charges of whatsoever nature and kind, as may be directed by the court. John D. Tarver is over 21 years of age, of sound mind, and is not in the military.

the full and punctual payment, performance and satisfaction of the indebtedness. Doc. 1, p. 3.

GTO allegedly failed to pay Note 1 according to its terms. Doc. 1, p. 2. Home Bank "exercised its rights under the terms of Note 1 to accelerate the balance due." Doc. 1, p. 3. Home Bank asserts that it made demand on GTO to pay the balance due on March 11, 2019. Doc. 1, p. 3; see Doc. 1-3. GTO has allegedly failed to pay the balance. Id. Therefore, as of April 1, 2019, GTO owes a total of $214,777.01 on Note 1. Id. Interest continues to accrue at the rate of $35.61 per day. Id.

Home Bank states that in December 2014, GTO executed and delivered a promissory note to Home Bank in the amount of $399,917.23, together with interest thereon at the fixed rate of 5.500% per annum based on a year of 360 days, computed on a 365/360 basis, with a final payment of all unpaid principal and interest being due on November 25, 2019. Doc. 1, pp. 3-4; see Doc. 1-4. Home Bank refers to this promissory note as "Note 2." In consideration of Home Bank's extending credit to GTO, Tarver executed and delivered to Home Bank a continuing guaranty. Doc. 1, p. 4; see Doc. 1-5. Home Bank contends that the Guaranty (Doc. 1-5) provides for Tarver's continuing guarantee of the full and

---

Doc. 8-1, p. 2.

punctual payment, performance and satisfaction of the indebtedness. Doc. 1, p. 4.

GTO allegedly failed to pay Note 2 according to its terms. Doc. 1, p. 2. Home Bank "exercised its rights under the terms of Note 2 to accelerate the balance due." Doc. 1, p. 4. Home Bank made demand on GTO to pay the balance due on March 11, 2019. Doc. 1, p. 4; see Doc. 1-3. GTO has allegedly failed to pay the balance. Id. Therefore, as of April 1, 2019, GTO owes a total of $279,313.87 on Note 2. Id. Interest continues to accrue at the rate of $41.95 per day. Id.

For relief, Home Bank seeks a judgment against GTO and John Tarver, individually, on Note 1 for a total of $214,777.01[3], with interest at the rate of $35.61 per day until judgment, and on Note 2 for a total of $279,313.87[4], with interest at the rate of $41.95 per day until judgment, post judgment interest at the federal legal rate, and attorneys' fees and costs of collection. In its Motion for Default Judgment, Home Bank updates the amounts due and requests a total of $505,384.16, plus post-judgment interest and reasonable attorneys' fees in an amount set by the Court.

---

[3] This amount has been updated to $217,432.04 on June 12, 2019, according to affidavit of Ralph Edwards, submitted by Home Bank in support of its Motion for Default Judgment (Doc. 8). Doc. 8-1, p. 3, ¶ 7.
[4] This amount has been updated to $287,952.12 on June 12, 2019, according to affidavit of Ralph Edwards, submitted by Home Bank in support of its Motion for Default Judgment (Doc. 8). Doc. 8-1, p. 3, ¶ 7.

**Legal Standard**

After applying for and obtaining an entry of default, the plaintiff moved for entry of a default judgment. The plaintiff followed the proper Rule 55 sequence, but that, by itself, is no guarantee that a default judgment will be entered against the defendants. Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

Entries of default are generally disfavored in the law. Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000). When considering whether to enter a default judgment, courts analyze the following factors: (1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the harshness of a default judgment; (4) if there are material issues of fact; (5) if grounds for a default judgment are clearly established; and (6) if a court would think itself obligated to set aside the default on the defendant's motion. Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

To recover on a promissory note, Home Bank must show that (1) the defendant signed it; (2) Home Bank is the present owner or holder; and (3) the note is in default. United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001).

Note 1 is signed by John Tarver as member/manager of GTO, which is listed on Note 1 as the borrower. Doc. 1-1, p. 3. Note 2

is signed by George Tarver as member/manager of GTO and John Tarver as member of GTO, which is listed on Note 2 as the borrower. Doc. 1-4, p. 3. Home Bank is listed on both notes as the lender. Doc. 1-1, p. 1; Doc. 1-4, p. 1. Home Bank alleges that GTO has failed to pay the notes according to their terms. Doc. 1, pp. 3-4. The Court finds that Home Bank has produced sufficient evidence to recover on the promissory notes at issue.

Applying factors listed above to the action at hand, the Court finds that grounds for default judgment are clearly established. Home Bank's Motion for Default Judgment [Doc. 68] shall be GRANTED.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff Home Bank's Motion for Default Judgment (Doc. 8) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Home Bank will submit to the Court a proposed Final Judgment within ten (10) days from entry of this Order.

SO ORDERED this the 3rd day of July, 2019.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE