IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

HOME BANK, N.A.                                          PLAINTIFF

v.                      CIVIL ACTION NO: 5:19-cv-28-DCB-MTP

GEORGE TARVER OPERATING CO., LLC
And JOHN D. TARVER, individually                        DEFENDANTS

TRIPLE J OIL AND GAS LLC                                  GARNISHEE

## ORDER

This matter comes before the Court on Plaintiff Home Bank, N.A. ("Home Bank")'s Motion to Contest Answer of Garnishee Triple J Oil and Gas LLC ("Triple J") [ECF No. 39]. Having read the motion, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

## Background

Plaintiff Home Bank obtained a judgment in this Court against the Defendants, George Tarver Operating Co., LLC and John D. Tarver, jointly and severally (the "Judgment Debtors"), on July 10, 2019, in the total sum of Five Hundred Eighteen Thousand Seven Hundred Seventy-One Dollars and Twenty-Six Cents ($518,771.26). In aid of execution on this Judgment and pursuant

1

to Federal Rule of Civil Procedure 69, Home Bank examined the judgment debtor John Tarver, both in his individual

capacity [ECF No. 34] and as the Rule 30(b)(6) designee of George Tarver Operating Company, LLC [ECF No. 35]. During his deposition, John Tarver disclosed that he was previously a part-owner of Triple J and that he currently provides services for Triple J for which he is compensated. [ECF No. 38-1] at pp. 25:2-11; 52:18-19; 61:16-19. John Tarver testified that he receives approximately $2,000 to $3,000 monthly from Triple J. Id. at 30:3-13.

On November 26, 2019, Home Bank filed a suggestion for writ of garnishment to Triple J whose registered agent is Matthew Tarver. On December 13, 2019, Triple J served an answer on Home Bank, denying that it is indebted to John Tarver or that it has property or effects belonging to Judgment Debtors. On January 10, 2020, Home Bank filed this Motion to Contest the Answer of Garnishee Triple J. On January 15, 2020 Triple J filed the answer it had served Home Bank with the Court. Home Bank asserts that it has reason to believe this answer is false, based primarily on the deposition testimony of John Tarver. Home Bank now asks the Court to allow discovery "on the truthfulness of the answer of Triple J and that a judgment be entered in favor of Home Bank on the facts found." [ECF No. 39] at 2.

2

## Discussion

Under Mississippi law, a garnishee's answer is taken as true unless contested by the garnishor. <u>Grenada Bank v. Seligman</u>, 143 So. 474, 475 (Miss. 1932). The creditor who caused the writ to be issued has the burden of proving that the garnishee's answer is wrong. <u>See</u> <u>State Farm Mut. Auto Ins. Co. v. Eakins</u>, 748 So.2d 765, 767 (Miss. 1999). Once a garnishee's answer has been contested, the Court must then determine the validity of the answer. <u>See</u> Miss. Code Ann. § 11-35-45 ("Thereupon, the court shall try the issue at once, unless cause be shown for a continuance, as to the truth of the answer, and shall render judgment upon the facts found, when in plaintiff's favor, as if they had been admitted by the answer, but if the answer be found correct, the garnishee shall have judgment for costs against the plaintiff.")

Rule 69 of the Federal Rules of Civil Procedure governs federal-court money judgments. The Rule, in pertinent part, states "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located." The Rule establishes three general principles: "(1) that the usual recourse is a writ

of execution; (2) that the writ will be enforced using the local state practices for executing judgments; and (3) that the plaintiff may use either federal or state discovery tools to locate the judgment debtor's assets." See Commentary to FED.R.CIV.P. 69. Rule 69 expressly authorizes discovery from "any person," not merely the judgment debtor. "[I]t is clear that judgment creditors may seek asset discovery from third parties that possess information about the judgment debtor's assets." Id.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that Home Bank may conduct third party discovery to ascertain the truth or falsity of Triple J's answer to the writ of garnishment. Home Bank shall have sixty (60) days to execute discovery, at which point the Plaintiff and Triple J shall submit to the undersigned three agreed upon dates in which to try the issue of the garnishee's answer.

SO ORDERED this the 9th day of March, 2020.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE